**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                        No. 01-4104

CHARLES EMMANUEL BROWN,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                        No. 01-4367

FARNARDO MANCHINI DUPONT, a/k/a
Farnard Manchini Dupont,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-99-154-MU)

Submitted: April 25, 2002

Decided: May 6, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph M. Lee, Charlotte, North Carolina; Carol B. Andres, Asheville, North Carolina, for Appellants. Mark Timothy Calloway, United States Attorney, Anne Magee Tompkins, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Charles Emmanuel Brown and Farnardo Manchini Dupont appeal from their convictions and sentences imposed following their guilty pleas to conspiracy to commit a crime against the United States, in violation of 18 U.S.C.A. § 371 (West 2000)—namely, armed bank robbery—and two counts each of carrying and brandishing a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000) and 18 U.S.C.A. § 2 (West 2000). Dupont also pled guilty to eight counts of armed bank robbery in violation of 18 U.S.C.A. § 2113(d) (West 2000). Their attorneys have filed a joint brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), asserting that there are no meritorious issues for appeal, but addressing the possibility that Brown's sentence was improper and that Dupont was provided ineffective assistance of counsel or that his case was affected by prosecutorial misconduct. The Defendants were informed of their right to file pro se briefs, but have not done so. Because our review of the record discloses no reversible error, we affirm.

We find that both Defendants' guilty pleas were knowingly and voluntarily entered after thorough hearings pursuant to Fed. R. Crim. P. 11. Brown and Dupont were properly advised of their rights, the offenses charged, and the maximum sentences for the offenses. The court also determined that there was an independent factual basis for

each plea and that the pleas were not coerced or influenced by any promises. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

In his written plea agreement, Dupont waived his right to appeal, except for claims of ineffective assistance of counsel or prosecutorial misconduct. We find this waiver valid. *See United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991). To the extent that Dupont asserts a claim of ineffective assistance of counsel, because the record does not conclusively demonstrate counsel's ineffectiveness, such a claim is more appropriately brought in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Further, our review of the record discloses no prosecutorial misconduct. Accordingly, we affirm Dupont's conviction and sentence.

Brown challenges the propriety of his sentences, contending that his sentences for the two firearm offenses should not be consecutive to the sentence on the conspiracy count. However, 18 U.S.C.A. § 924(c) sets forth a separate and distinct crime from conspiracy under 18 U.S.C.A. § 371. *See United States v. Studifin*, 240 F.3d 415, 420 (4th Cir. 2001); *United States v. Terry*, 86 F.3d 353, 355-56 (4th Cir. 1996). Accordingly, imposition of the mandatory consecutive sentences for the firearm charges does not violate double jeopardy.

As required by *Anders*, we have reviewed the entire records in these appeals and have found no meritorious issues for appeal. We therefore affirm both Defendants' convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*